UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06443 AHM (AJW) | | Date | January 4, 2010 |
|---|---|---|---|---|
| Title | BEVERLY LYNN GABRIELSON et al. v. LAURA GOMEZ et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On September 30, 2008, Plaintiffs filed a complaint in this action in this Court. Plaintiffs' claims arise out of allegations that while Defendants operated a business on Plaintiffs' property, Defendants improperly disposed of or released hazardous substances and contaminants on the property. Plaintiffs seek to recover expenses they incurred in environmental investigations and assessments.

On October 20, 2009, Plaintiffs filed a First Amended Complaint ("FAC"). On December 18, 2009, the parties jointly filed (and the Court granted) a stipulation to dismiss with prejudice claims one, two, and three of the FAC. *See* Docket No. 51. Claims one through three were the only federal claims alleged in the FAC**.**

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 474-75 (2007). *See also Carson v. Jackson County*, 2009 WL 1393617 (D. Or. May 15, 2009) ("Where plaintiff voluntarily drops a claim which conferred federal question jurisdiction and no diversity jurisdiction is alleged or demonstrated, 'there [is] no federal claim to which these state claims could be 'supplemental.'") (quoting *Wellness*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06443 AHM (AJW) | | Date | January 4, 2010 |
|---|---|---|---|---|
| Title | BEVERLY LYNN GABRIELSON et al. v. LAURA GOMEZ et al. | | | |

*Community-Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995)).

     Here, Plaintiffs have voluntarily abandoned all of their federal claims. Accordingly, the Court lacks jurisdiction over this action, and *sua sponte* DISMISSES it.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**JS-6**